STATE OF MONTANA ex rel., JASPER DAWSON, on behalf of himself and all other similarly situated citizens and taxpayers and electors of the City of Butte, Montana, Plaintiffs, v. The CITY COUNCIL of the CITY OF BUTTE, State of Montana, and THOMAS F. POWERS, as Mayor of the City of Butte, Montana, Defendants.

No. 10931.

Decided March 18, 1965. As amended April 13, 1965.

400 P.2d 629.

Joseph P. Monaghan, Butte, argued the cause ex parte.

PER CURIAM.

This is an original proceeding seeking an order to show cause and temporary restraining order against the defendants to require them to desist with proceeding with arrangements

for at large voting in the forthcoming municipal elections to be held in the City of Butte, Montana.

We do not have the benefit of any record before us, other than the Silver Bow County District Court file. Court minutes, testimony or other supporting records are not before us. Neither do we have the benefit of briefs. Normally, under our Rules, we would not consider such an application for relief; but predicated on counsel's plea of lack of time because of the immediate pendency of the coming city elections and the need for immediate relief, we have considered the matter. This, however, is not to be understood as any approval of either the procedure or the merits.

The background that gives rise to this proceeding is that an action was filed in the United States District Court at Butte, Montana, by a citizen and elector of that city against the City Council and Mayor, thereof, seeking reapportionment of the city wards so as to be as nearly equal in population as possible. In such cause on February 23, 1965, the United States District Court made and entered an order which provided:

"This matter having come on for hearing this 23rd day of February, 1965, upon the motion of the plaintiff for a temporary injunction, and the Court being fully advised of all facts material herein, and said motion having been denied, it is by the Court.

"ORDERED, that all proceedings herein are stayed pending the further order of this Court, but the Court specifically retains jurisdiction of this matter pending a final valid reapportionment ordinance being adopted by defendant City Council and approved by this court;

"IT IS FURTHER ORDERED that the primary and general elections for the year 1965 now called and scheduled for March 22nd and April 5th respectively be held in accordance with usual procedures except as modified hereby, that all candidates for the office of alderman of the City of Butte, in both said primary and general elections, be required to be nominated and

elected for and from the ward in which each candidate now resides and for which nominating petitions have been filed, but by vote of all eligible electors of the City of Butte;

"IT IS FURTHER ORDERED, that the defendants herein proceed promptly to initiate and pursue to conclusion such proceedings as may be necessary and appropriate to enact an ordinance redesignating the boundaries of the wards of the City of Butte so as to result in each said ward having approximately equal population, such ordinance to be enacted by no later than August 1, 1965, and to be submitted to this court for examination for compliance with the requirements of the laws of the United States and the State of Montana."

On February 26, 1965, the plaintiffs in this cause filed a proceeding in the District Court of Silver Bow County, wherein the city council and mayor of Butte were defendants seeking an injunction enjoining the defendants from proceeding with the election at large of councilmen of the city. An order to show cause and restraining order was issued by the district court on the same day, returnable on March 5, 1965. On the return day, defendants filed a motion to quash restraining order and order to show cause, which reads:

"Come now defendants and move the above-entitled Court to quash and vacate the order to show cause and restraining order against these defendants made by the above-entitled Court of February 26, 1965, on grounds and for the reasons as follows:

"1.

"That the Court has no jurisdiction and had no jurisdiction to restrain these defendants from complying with the orders commanded of them in a proceeding in the District Court of the United States, District of Montana.

"2.

"That it appears from the face of the complaint, the Exhibits thereto, and said restraining order, that plaintiffs shall not be irreparably injured or deprived of their civil rights, or that

plaintiffs do not have a plain, speedy or adequate remedy at law to avail themselves, or that plaintiffs will be subject to a multiplicity of suits if these defendants are not restrained.

"3.

"That the Court has no jurisdiction to make its restraining order permanent or final restraining these defendants of performing acts commanded of them in a proceeding in the District Court of the United States for the District of Montana.

"4.

"That the Court had or has no jurisdiction to issue or make permanent and final its restraining order staying proceedings of a Court of the United States.

\*      \*      \*

"This motion is made and based upon all of the records, files, pleadings, papers and proceedings in the above-entitled Court and cause, and upon the order of the District Court of the United States for the District of Montana, Butte Division, in Cause No. 1232 wherein Phoebe R. Herweg is plaintiff and these defendants are defendants, a copy of which is hereunto attached and annexed and by this reference made a part of this motion."

The mayor and city council also filed separate motions to dismiss. We are informed by counsel that the district court granted the motions and vacated the restraining order on March 5, 1965, following argument of counsel thereon. The plaintiffs on March 10, 1965, filed a motion for new trial and noticed it for hearing on March 12, 1965, and counsel informs us the motion was denied.

Plaintiffs here predicate their application upon the records, files, and proceedings had in the United States District Court, above referred to, and the records and files in the Montana District Court, likewise before referred to.

No notice of appeal has been filed in the Montana District Court although counsel states he has given oral notice that he

intends to appeal. Were this an application for an injunction pending appeal, the provisions of Rule XXIII of this Court would be applicable. That Rule provides:

"Upon appeal from an order dissolving or refusing an injunction, if the appellant desires to continue in force the injunction order dissolved by the District Court, or to obtain such injunction order pending the appeal, he shall apply to the District Court under Rule 62, M.R.Civ.P. In the event the relief there requested be not granted he may file in this Court his sworn application, setting forth the proceedings appealed from and the relief desired, and present with it to this Court, a verified copy of the affidavits or evidence used on the hearing in the Court below. Such application will be heard ex parte and without argument, and the Court, upon such record will make such order in the premises as may be proper."

While counsel urges that the denial of the motion for new trial is in effect a denial by the district court of relief under Rule 62, M.R.Civ.P., in our opinion it is not.

It is observed that all parties admit that the wards in Butte are malapportioned and even in the face of this concession by the plaintiff he alleges and argues that his vote, and that of all other citizens of Butte will be "diluted and debased" by the "at large" voting in such a manner as to violate his constitutional rights. We need not, on this occasion, cite authority of the United States Supreme Court to the opposite effect.

Such being our view, since this is an appellate court with only limited original jurisdiction, we must decide whether or not we should accept jurisdiction of this proceeding.

Essentially what plaintiffs seek is to restrain the defendants from complying with the above-quoted order of the United States District Court which plaintiffs contend is a void and illegal order of that court. This court is not the forum to question the regularity of acts of the Federal Courts, appellate courts exist in the Federal Judiciary System for that purpose. For that reason we decline to assume jurisdiction herein.

■ However, we believe that Federal Courts should defer to the authority of State Courts in the disposition of state questions. This was aptly stated in White v. Anderson, (Colo. 1964), 394 P.2d 333, in these words:

"We defer to the federal courts in the resolution of federal questions. On the other hand, federal courts should, indeed must, defer to the authority of state courts in the disposition of state questions. Harrison v. N.A.A.C.P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152. This concept so pervades the relation between federal and state courts that it was said in the cited case that 'federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them. * * *' "

The Montana law provides in section 11-707, R.C.M.1947, that:

"The first city or town council elected under the provisions of this title must divide the city or town into wards for election and other purposes, having regard to population so as to make them as nearly equal as possible."

This statute has not been interpreted by this court, and even conceding that its wording is plain and unambiguous and requires no interpretation, would not compliance therewith be a question for the State Courts? We have no provisions in our Constitution or laws in this sphere that are unconstitutional, or in conflict with the provisions of the Federal Constitution, in fact as we see it they are completely in conformity with that Constitution and the interpretations thereof contained in decisions of the Supreme Court of the United States.

■ This Court at all times recognizes that interpretations of the United States Constitution as they apply to a State Constitution are binding upon this state and it would appear that the Federal Court could have deferred to our State Courts at the inception of this litigation, where we are confident the law would have been correctly interpreted and applied.

However, the situation prevailing now as hereinbefore related, the relief requested must be denied and the proceeding dismissed.

It is so ordered.